### UNITED STATES *v.* ERIE RAILWAY COMPANY.

The court denies an application for rehearing in this case, decided at the present
term, 106 U. S. 327.

PETITION for rehearing.

*The Solicitor-General* for the United States.
*Mr. William D. Shipman, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the
court.

When this case was argued, no special claim was made for a
judgment based on the currency value of the pounds sterling at
the time the taxes sued for ought to have been paid, and for
that reason a judgment was ordered for the present value of
pounds sterling in lawful money. We are now asked to rehear
the case for the purpose of considering that question.

The company was liable for taxes of five per cent on the
amounts of interest paid. As the payments were all made in
pounds sterling, the computations must necessarily be on that
basis. Sect. 9 of the act of July 13, 1866, c. 184, made it
the duty of the company to return a list of the prescribed
taxes to the assessor. In making up such lists the act required
that it should be declared whether the amounts were stated

according to their values in legal-tender currency or in coined money. When stated in coined money, it was the duty of the assessor to reduce them to their equivalent in legal-tender currency, according to the value of coined money in currency for the time covered by the returns. All lists furnished the collectors by the assessors were required to " contain the several amounts of taxes assessed, estimated, or valued in legal-tender currency only."

In *Savings Bank* v. *United States*, 19 Wall. 227, 240, it was decided that a suit at law might be maintained for the recovery of a tax on interest paid, even though no list had been returned and no assessment made; and in the opinion it was said : " No other assessment than that made by the statute was necessary to determine the extent of the bank's liability. An assessment is only determining the value of the thing taxed, and the amount of tax required of each individual. It may be made by the designated officers or by the law itself. In the present case the statute required every savings bank to pay a tax of five per cent on all undistributed earnings made, or added during the year to their contingent funds. There was no occasion or room for any other assessment. This was a charge of a certain sum upon the bank, and without more it made the bank a debtor."

In the present case no list was returned by the company and no assessment made by the assessor. Consequently no list was ever furnished the collector, and the amount to be paid in currency was never officially ascertained. This suit is, therefore, for the debt which the company owes, to wit, five per cent of the pounds sterling it has paid as interest on its bonds. If the debt had been paid at the time it was due, the officers chargeable with the collection could have accepted nothing but legal-tender currency, and to an amount equivalent to the value of the coin which was owing. In other words, the debt was in the nature of an obligation to pay in coin, but which the government would not receive in anything but legal-tender currency of equal value with the coin. This is a suit for the recovery of that debt as a debt. If there were now any difference in value between coin and currency, it would have been proper to render the judgment for the coin or its equivalent in

currency.   *Gregory* v. *Morris*, 96 U. S. 619.   As there is no
such difference, a general judgment for the amount due is all
that is necessary.   The amount of the debt was always a fixed
sum in pounds sterling.   The provision for the estimation of
the value of this debt in legal-tender currency was, in our opin-
ion, a regulation of the mode of collection, and not a change in
the amount of the obligation.   As promptness was required in
the payment of taxes, and the amount to be paid in currency
would not ordinarily exceed the value of the coin which was
due, it was thought proper by the government to require its
officers to make collections in currency.   For that reason it
was provided that in making out the tax-lists the amount nec-
essary to discharge coin taxes in currency should be set down,
rather than the amount of the coin that was owing.   In this
way there would be less opportunity for confusion in the ac-
counts between the government and its officers.

   As upon this application we have had the benefit of a printed
brief by the Solicitor-General on behalf of the United States,
and upon full consideration are satisfied that the judgment as it
stands is right, notwithstanding the claim that is now made,
the application for a rehearing is

*Denied.*