OSKAMP v. LEWIS, Auditor, et al.

(Circuit Court, S. D. Ohio, W. D. August 31, 1900.)

1. **TAXATION—OHIO STATUTE—ASSESSMENTS BY COUNTY AUDITOR.**
Under Rev. St. Ohio, §§ 2781, 2782, which make it the duty of a county auditor to list and value property which the owner has failed to return for taxation, or as to which he has made a false return, the functions of the auditor are not judicial, but ministerial, being merely those of an assessing officer, whose determination is not conclusive, but is subject to review in the courts in a suit authorized to be brought for that purpose by section 5848; and it is no objection to the validity of such provisions that the auditor is allowed by law a percentage on the taxes collected.

2. **SAME—CONSTRUCTION OF STATUTE.**
The provisions of Rev. St. Ohio, § 2782, relating to the procedure by a county auditor for the assessment of property omitted to be returned or falsely returned by the owner, are applicable to proceedings under either that or the preceding section, including the requirement of notice to the taxpayer.

3. **CONSTITUTIONAL LAW—DUE PROCESS OF LAW—ASSESSMENTS FOR TAXATION.**
The assessment of property for taxation, although without notice to the owner, is not in violation of the provision of the fourteenth amendment to the constitution against depriving any person of his property without due process of law, where, as by Rev. St. Ohio, § 5848, the owner is expressly given the right to test the validity of the assessment by a suit to enjoin the collection of the tax, the amount of which and of the assessment are matters of public record at all times after the assessment is made.

In Equity. Suit to enjoin collection of tax. On demurrer to bill.

Chas. W. Baker and Keam & Keam, for complainant.

Rendigs, Foraker & Dinsmore and Edward Barton, for respondents.

THOMPSON, District Judge. This is a bill to enjoin the collection of a tax levied upon property of the complainant in Hamilton county, state of Ohio, upon the ground that the statutes of Ohio under which the property was listed and valued for taxation, and the tax levied, is in contravention to that clause of the fourteenth amendment to the constitution of the United States which forbids any state from depriving any person of property without due process of law. The defend-

ants demur to the petition upon the ground that it does not state facts sufficient to entitle the complainant to the relief prayed for. The constitutional objections are (1) that sections 2781 and 2782 of the Revised Statutes of Ohio, under which the complainant's property was listed and valued for taxation, do not provide for notice to the taxpayer of the proceedings thereunder; (2) that the county auditor, who lists and values property for taxation under those sections, acts in a judicial capacity, and, under the provisions of section 1071 of the Revised Statutes of Ohio, relating to taxation, receives as compensation for his services in so listing and valuing property 4 per cent. of the tax levied and collected thereon.

These sections read as follows:

"Sec. 2781. If any person whose duty it is to list property or make a return thereof for taxation, either to the assessor or county auditor, shall in any year or years make a false return or statement, or shall evade making a return or statement, the county auditor shall for each year, ascertain as near as practicable, the true amount of personal property, moneys, credits and investments that such persons ought to have returned or listed for not exceeding the five years next prior to the year in which the inquiries and corrections provided for in this and the next section are made; and to the amount so ascertained as omitted, for each year he shall add fifty per centum, multiply the omitted sum or sums, and (as) increased by said penalty by the rate of taxation belonging to said year or years, and accordingly enter the same on the tax lists in his office, giving a certificate therefor to the county treasurer who shall collect the same as other taxes."

"Sec. 2782. The county auditor, if he shall have reason to believe, or be informed that any person has given to the assessor a false statement of the personal property, moneys, or credits, investments in bonds, stocks, joint stock companies or otherwise, or that the assessor has not returned the full amount required to be listed in his ward or township, or has omitted or made an erroneous return of any property, moneys, or credits, investments in bonds, stocks, joint stock companies, or otherwise, which are by law subject to taxation, shall proceed at any time before the final settlement with the county treasurer to correct the return of the assessor, and to charge such persons on the duplicate with the proper amount of taxes; to enable him to do which, he is hereby authorized and empowered to issue compulsory process, and require the attendance of any person or persons whom he may suppose to have a knowledge of the articles, or value of the personal property, moneys, or credits, investments in bonds, stocks, joint stock companies, or otherwise, and examine such person or persons, on oath, in relation to such statement or return; and it shall be the duty of the auditor, in all such cases, to notify every such person before making the entry on the tax-list and duplicate, that he may have an opportunity of showing that his statement or return of the assessor was correct; and the county auditor shall, in all such cases, file in his office a statement of the facts or evidence upon which he made such correction; but he shall, in no case, reduce the amount returned by the assessor, without the written assent of the auditor of state, given on a statement of facts submitted by the county auditor. In all cases in which any person shall make a false statement of the amount of property for taxation, to evade the payment of taxes, in whole or in part, the person making such false statement shall be liable for, and pay all costs and expenses that may be incurred under the provisions of this section, and the same fees and costs shall be allowed and paid as are now or may be allowed by law, for similar services, and if not paid, may be collected before any justice of the peace of the proper county, by suit in the name of the county commissioners, but in all cases under this section, where the statement shall be found correct, and no intention to evade the payment of taxes, the costs and expenses incurred under this section shall be paid out of the county treasury of the proper county, on the order of the county auditor."

1. The functions of the county auditor under these sections are ministerial, not judicial. He is a mere assessing officer, whose duty it is to truly list and value property which the owner has falsely returned for taxation, or the return of which he has evaded altogether. The return he makes may be founded upon the evidence he is authorized to take, or upon his own personal knowledge, and simply furnishes a basis for the levy of taxes, as do the returns of other assessing officers. The assessment or listing and valuation of property for taxation should be made by the taxpayer himself. If he fails to do it, it may then be made by the township assessor or the county auditor or the boards of equalization. The assessment is not a judicial determination of the value or ownership of the property. It is not conclusive against the taxpayer. It simply makes a prima facie showing, which the taxpayer may test by a suit, under section 5848 of the Revised Statutes of Ohio, to enjoin the levy or the collection of the tax. The county auditor is not a judge, but an assessing officer, whose zeal in bringing upon the tax duplicate property wrongfully withheld by the owner may properly be stimulated by giving him a percentage of the taxes collected thereon. Musser v. Adair, 55 Ohio St. 466, 45 N. E. 903.

2. Section 2782 expressly provides for notice to the taxpayer, and, by fair construction, notice is also required by section 2781. The auditor is required by section 2781 to "ascertain, as near as practicable, the true amount of personal property, moneys, credits, and investments that such persons ought to have returned or listed for not exceeding the five years next prior to the year in which the inquiries and corrections provided for in this and the next section are made." The procedure provided for in the "next section" is applicable in proceedings under either section.

But, if it be conceded that notice is not required by section 2781, nevertheless "due process" is provided by the laws of Ohio for the collection of taxes. Section 5848 of the Revised Statutes of Ohio provides that "courts of common pleas and superior courts shall have jurisdiction to enjoin the illegal levy of taxes and assessments, or the collection of either, and of actions to recover back such taxes or assessments as have been collected, without regard to the amount thereof, but no recovery shall be had unless the action be brought within one year after the taxes or assessments are collected." In McMillen v. Anderson, 95 U. S. 37, 24 L. Ed. 335, the supreme court say:

"It seems to be supposed that it is essential to the validity of this tax that the party charged should have been present or had an opportunity to be present in some tribunal when he was assessed. But this is not and never has been considered necessary to the validity of a tax."

And in Winona & St. P. Land Co. v. Minnesota, 159 U. S. 537, 16 Sup. Ct. 87, 40 L. Ed. 251, the supreme court say:

"That rule is that a law authorizing the imposition of a tax or assessment upon property according to its value does not infringe that provision of the fourteenth amendment to the constitution which declares that no state shall deprive any person of property without due process of law, if the owner has an opportunity to question the validity or the amount of it, either before that amount is determined, or in subsequent proceedings for its collection."

Here ample means are provided by the tax laws of Ohio for a judicial determination of every question touching the validity or legality of the listing or valuation of property, and the levying of taxes thereon, before the taxes are collected. State Railroad Tax Cases, 92 U. S. 575–609, 23 L. Ed. 669; Pearson v. Yewdall, 95 U. S. 294, 24 L. Ed. 436; Davidson v. New Orleans, 96 U. S. 97, 24 L. Ed. 616; Hagar v. Reclamation Dist., 111 U. S. 701, 4 Sup. Ct. 663, 28 L. Ed. 569; Corry v. Campbell, 154 U. S. 629, 14 Sup. Ct. 1183; Grether v. Cornell's Ex'rs, 43 U. S. App. 770, 23 C. C. A. 498, 75 Fed. 742. The records of the auditor and the treasurer show the tax valuations and levies against each taxpayer, and the law prescribes the time when the taxes become due and payable, and the modes of collection are by distress or suit, so that each taxpayer has the means of knowing the amount of the taxes levied against him, and upon what property and upon what valuations thereon, and has ample opportunity, before the collection of the tax, to avail himself of the ultimate remedy afforded him by the provisions of section 5848 of the Revised Statutes of Ohio. The tax laws of Ohio afford the taxpayer many opportunities to be heard for the correction of mistakes, errors, irregularities, and wrongs in the assessment and levying of taxes before boards of equalization, the county auditor, and the state board of remission, with the ultimate right of resort to the courts to enjoin the collection of any tax not legally assessed or levied.

The constitutional objections urged against sections 2781 and 2782 of the Revised Statutes of Ohio are without foundation; and the demurrer to the petition will be sustained, and the bill dismissed.