# GLIDDEN *v.* HARRINGTON.

ERROR TO THE SUPERIOR COURT OF THE STATE OF MASSACHUSETTS.

No. 199. Argued March 12, 1903.—Decided April 6, 1903.

Although this court has never had occasion to determine exactly what the Fourteenth Amendment required in the assessment of ordinary annual taxes upon personal property, such proceedings should be construed with the utmost liberality and while notice may be required at some stage of the proceedings such notice need not be personal, but may be given by publication or by posting notices in public places. Such notices must be suitable and it is only where the proceedings are arbitrary, oppressive or unjust that they are declared to be not due process of law.

The statute of Massachusetts which requires that all personal estate within or without the Commonwealth shall be assessed to the owner; that personal property held in trust, the income of which is payable to another person, shall be assessed to the trustee in the city or town in which such other person resides, if within the Commonwealth; and if he resides out of the Commonwealth, shall be assessed in the place where the trustee resides; that the assessors before making the assessment shall give notice by posting in some public place or places; that in case the taxpayer shall fail to make returns they shall ascertain as nearly as possible the particulars of the estate and estimated value, which shall be conclusive upon the owner unless he can show a reasonable excuse for omitting to make the return; also making provision for an application to the assessors for an abatement of taxes and for an appeal to the county commissioners, does not deprive taxpayers of their property without due process of law.

A person residing in Massachusetts and holding property in trust has the same opportunity to show that he held no property in trust as he has in regard to his individual property, and it is as much his duty to disclose it as though it were individual property.

THIS was an action brought in the Superior Court of Middlesex County by Harrington, collector of taxes for the city of Lowell, to recover a tax upon personal property, assessed upon the defendant as trustee, for the year 1889.

The case resulted in a verdict for the plaintiff, which was carried by exceptions to the Supreme Judicial Court, where the exceptions were ordered overruled, 179 Massachusetts, 486, and the case remanded to the Superior Court, in which judgment was entered.

*Mr. Harvey N. Shepard* for plaintiff in error.

*Mr. George F. Richardson* for defendant in error. *Mr. Francis W. Qua* and *Mr. William A. Hogan* were with him on the brief.

Mr. Justice Brown, after making the foregoing statement, delivered the opinion of the court.

This case involves the question whether the proceedings taken to enforce this tax deprived the defendant Glidden of his property without due process of law, within the meaning of the Fourteenth Amendment.

The facts of the case are substantially that a resolution for the assessment of taxes for the year 1889 was passed by the municipal council of Lowell, and approved by the mayor on March 22 of that year; and it was ordered that a copy of the resolution be furnished to the assessors on or before April 1. Before proceeding to make the assessment, the assessors, in the latter part of April, gave proper notice to the inhabitants of the city, by posting in public places in the several wards of said city, notifications that they were about to assess taxes, and requiring the inhabitants to bring into the assessor's office on or before June 15 of that year true lists of their polls and personal estates not exempt from taxation.

Two members of the board of assessors were appointed a committee "to inquire into telephone matters for taxation." The committee "advised that a suitable person be sent to Albany to look up matters in that direction," which committee was authorized by the board to use its discretion in the matter. The expert employed by the committee to look up foreign corporations reported stock of the Erie Telegraph and Telephone Company held by individuals in Lowell, and mentioned seven trustees, one of whom was the defendant. On July 25, 1889, the board "voted to tax (assess) the directors of the Erie Telegraph and Telephone Company as trustees $160,000 each." There were $1,600,000 held by ten trustees, of which the defendant was one. No list of personal estate held in trust had

been or was submitted by defendant.   The tax bill, as trustee, was delivered personally to the defendant about September first. About two months after such assessment, September 10, the warrant for the collection of the taxes was put in the hands of the collector.

On February 24, 1890, defendant filed a statement to the effect that, although he was informed that certain shares of stock stood in his name as trustee, he was not the owner of the shares and not taxable therefor, and thereupon made application as trustee for an abatement, upon which application a number of hearings were had. But before the proceedings were determined this action was brought by a succeeding collector.

Upon the trial in the Superior Court it appeared that the defendant was assessed as trustee upon certain shares of three telephone companies, which the assessors understood were held by him in trust for the Erie Telegraph and Telephone Company. The basis of valuation adopted by the assessors was the market price of the shares of this latter company.   Defendant offered evidence tending to show that at the time of the assessment he owned no personal property whatever as trustee; that said shares were owned by the Erie Telegraph and Telephone Company and were in its possession and control, although they stood in his name; and further evidence tending to show that said property was not taxable to him, and was not within the jurisdiction of the assessors or of the State.   This evidence was excluded by the court, which ruled that the only questions for the jury were " whether the assessors ascertained as nearly as possible the particulars of the estate held by the defendant as trustee, for the purpose of making this assessment, and whether, having obtained those particulars, they estimated such property at its just value according to their best judgment, information and belief."

The court held the validity of the tax to depend upon the question whether the assessors had jurisdiction to make the assessment.   Having found that the defendant was an inhabitant of Lowell and had taxable personal property there, it was thought that he was within the jurisdiction of the as-

sessors, and that it made no difference whether such property was all held by him individually, or partly as individual and partly as trustee, inasmuch as it was all a personal tax. The court, having held that the proceedings conformed to the state statute, and that defendant's only remedy was the statutory proceeding for abatement, it only remains for us to consider whether these proceedings constitute due process of law within the Fourteenth Amendment.

This was not a special assessment, but the ordinary annual tax upon personal property. The act requires that all personal estate, within or without the Commonwealth, shall be assessed to the owner; that personal property held in trust, the income of which is payable to another person, shall be assessed to the trustee in the city or town in which such other person resides, if within the Commonwealth; and if he resides out of the Commonwealth shall be assessed in the place where the trustee resides. Before making the assessment the assessors shall give notice by posting in some public place or places; that in case the taxpayer shall fail to make return, they shall ascertain, as nearly as possible, the particulars of the estate and estimate its just value, which shall be conclusive upon the owner, unless he can show a reasonable excuse for omitting to make his return. Provision is also made for an application to the assessors for an abatement of taxes, and for an appeal to the county commissioners in case of a refusal of the assessors to abate the tax.

These proceedings are amply sufficient to constitute due process of law. Although, with respect to this class of taxes, we have never had occasion to determine exactly what the Fourteenth Amendment required, we have held that the proceedings should be construed with the utmost liberality, and while a notice may be required at some stage of the proceedings such notice need not be personal, but may be given by publication or by posting notices in public places. It can only be said that such notices shall be given as are suitable in a given case, and it is only where the proceedings are arbitrary, oppressive or unjust that they are declared to be not due process of law. *Davidson* v. *New Orleans,* 96 U. S. 97; *Hagar* v. *Reclamation District,* 111

U. S. 701; *Paulsen v. Portland,* 149 U. S. 30; *Pittsburgh &c. Railway Co.* v. *Backus,* 154 U. S. 421; *Allen* v. *Georgia,* 166 U. S. 138; *King* v. *Portland,* 184 U. S. 61; *Simon* v. *Craft,* 182 U. S. 427; *Turpin* v. *Lemon,* 187 U. S. 51.

In the *Kentucky Railroad Tax cases,* 115 U. S. 321, it was held that a state statute for the assessment of taxes, which gave notice of the proposed assessment to the owner by requiring him at a time named to present a statement of his property, with an estimate of its value, which fixed time and place for public sessions of other officers, at which this statement and estimate were to be considered, where the party interested had a right to be present and to be heard, and which gave him opportunity to judicially contest the validity of the proceedings, was due process of law within the Fourteenth Amendment. In *Lent* v. *Tillson,* 140 U. S. 316, it was held that in a case of a special assessment for widening streets, publication in a newspaper was sufficient notice to property owners interested.

The complaint in this case is based upon the proposition thus stated by plaintiff: That it is not due process of law for a State " to compel a man, who holds no property in trust and makes no return to the assessors, to pay a tax assessed against him as such trustee, without opportunity to show that he held no property in trust." This proposition, however, assumes that no opportunity was given the defendant to show that he held no property in trust, when the fact was that public notice was given the inhabitants to produce before the assessors a list of their personal estates, among which there was specified by the statute personal property held in trust. Defendant did not choose to comply with that notice by submitting a list of the property held by him in trust, although he subsequently made application for abatement, upon which application a number of hearings were had. Upon his failure to make his returns the assessors did the only thing they could do: ascertain as nearly as possible the particulars of the personal estate and estimate it at what they believed its just value. If defendant held personal property as trustee it was as much his duty to disclose it as if it had been individual property, and his contention now that he had no reason to anticipate that he would be taxed fo

property held in trust, because he held none, is met by the fact that he applied for an abatement of this tax, and that, after several hearings upon the case, it was refused him. *Kentucky Railroad Tax Cases*, 115 U. S. 321, 335.

There was nothing in the proceedings of which the plaintiff had any right to complain as a violation of the Fourteenth Amendment, and the judgment of the Superior Court is therefore

*Affirmed.*

MR. JUSTICE WHITE, not having heard the argument, took no part in the decision of this case.