## JOHNSON v. PETERSON et al.

(Circuit Court of Appeals, Eighth Circuit. March 29, 1923.)

No. 6045.

1. **Constitutional law ⊚⟹289—Drains ⊚⟹2(1)—Statute providing for notice in proceeding to establish drainage ditch held not unconstitutional as denying due process of law.**

The South Dakota statute (Laws 1907, c. 134, as amended by Laws 1909, c. 102) authorizing construction of drainage ditches and providing for notice by publication and posting of any action taken is not so arbitrary, oppressive, or unjust as to deny due process of law, though not providing for notice to remonstrants on appeal to Circuit Court.

2. **Evidence ⊚⟹35—Judicial cognizance taken of existence of similar statutes in other states.**

The court will take cognizance of the fact that practically all the states provide for the construction of public improvements by statutes more or less similar to that of South Dakota for construction of drainage ditches.

Appeal from the District Court of the United States for the District of South Dakota; James D. Elliott, Judge.

Suit by Peter N. Johnson against C. M. Peterson and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Gardner & Churchill, of Huron, S. D., and Bogue & Bogue, of Parker, S. D., for appellant.

French, Orvis & French, of Yankton, S. D., and Payne, Olson & Barton, of Vermillion, S. D., for appellees.

Before LEWIS, Circuit Judge, and POLLOCK and SYMES, District Judges.

SYMES, District Judge. The plaintiff below, appellant here, Peter N. Johnson, brought this action on behalf of himself and others similarly situated, to restrain the defendants, members of the boards of county commissioners of Yankton and Clay counties, S. D., respectively, and other defendants, from taking any further proceedings in the matter of establishing or constructing a certain drainage ditch in said counties, the statutory proceedings for which, at the time the suit was brought, had been instituted and practically completed. The bill prays specifically that the defendant commissioners be restrained from issuing bonds, or taking any other proceedings in the matter; that the defendants Briggs and Drew, the contractors, be enjoined from constructing the ditch; and generally for a decree declaring all the proceedings taken void.

⊚⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The plaintiff is the owner of, and interested in, certain real estate situated within the boundaries of the proposed district, deriving his title by inheritance from one C. N. Johnson, the owner from a date prior to August 5, 1909, and who died in December, 1914. He alleges that part of his land will be actually taken in the construction of the proposed ditch, and that he will suffer other damages.

It is undisputed that on August 5 and September 7, 1909, respectively, petitions were filed with the county auditors of said counties, asking for the establishment of a drainage ditch commencing at a point in Yankton county and running through certain described lands in said counties of Yankton and Clay, and that in March, 1910, after a hearing and consideration of these petitions by the joint boards of said counties as prescribed by law, a determination was made denying the petition and the proposed drainage.

Thereafter certain of the petitioners appealed to the circuit court of Yankton county. The commissioners moved to dismiss the appeal. This was denied, and in November, 1910, the matter came on for trial de novo, as prescribed by the statute, and the court made a finding of fact that the Yankton-Clay County drainage ditch, as surveyed and described in a report made by the Missouri Valley Engineering Company, should be established and constructed under the direction of said county commissioners, acting conjointly, and entered judgment establishing the ditch, and reversing the action of the commissioners.

Next an appeal was taken from this judgment to the State Supreme Court, and the judgment of the lower court was affirmed, and later on petition for a rehearing reaffirmed. Agreeable thereto the said boards, acting conjointly, as directed by statute, gave the necessary notice, by posting and publication, to all persons claiming damages by reason of the construction of the proposed ditch, to present their claims; that they would be heard thereon at a time fixed. Hearings were accordingly had and the amount of damages finally determined. Next the said boards, acting conjointly, fixed a tentative proportion of benefits that would result by the construction of the drainage ditch, and again, by posting and publication as provided by law, gave notice of a hearing to equalize said benefits, and proceedings were had by which the proportional benefits were finally fixed and determined. Numerous appeals were taken by various landowners affected, other than plaintiff or his ancestor, from the action of the joint boards so fixing damages and benefits—all of which appeals were finally determined by the court before the institution of this suit. Thereafter bids were invited and the joint board accepted that of the defendant the S. O. Briggs Company, entered into a contract with them for the construction of the ditch, and bonds in the amount of $200,000 authorized and sold. So far there is no dispute.

The plaintiff contends here, as he did below, that the circuit court of Yankton county was without jurisdiction or authority to establish the ditch: First, because the required statutory notice of appeal from the order of the county commissioners denying the petition for the ditch was not given; and, secondly, that the statute authorizing the appeal is void because it deprived interested parties and particularly

the plaintiff's ancestor, C. N. Johnson, of their property without due process of law in violation of the Constitution of South Dakota and of the first section of the Fourteenth Amendment of the Constitution of the United States, for the reason that the statute provides that the notice of appeal be served only on the county commissioners, and not personally upon the persons affected. Thirdly, that the judgment of the circuit court of Yankton county is null and void because it does not sufficiently describe the route, character, or dimensions of the ditch; and, fourthly, because of alleged changed conditions the judgment of the county commissioners of Yankton county is not a bar to this suit.

The court below determined the issues generally in favor of the defendants and found as facts: That C. N. Johnson, appellant's ancestor and predecessor in title, had joined with other property owners affected in a signed remonstrance or protest against the establishment of the ditch that was presented to and considered by the boards at the hearing upon the petition; that the said C. N. Johnson had contributed to a fund used to employ counsel to oppose the ditch and took an active part in all the proceedings leading up to the entry of judgment of the county commissioners and the trial in the circuit court. It also found that said C. N. Johnson with 44 others filed a second remonstrance with the joint board against the establishment of the ditch in May, 1914, after the decision by the Supreme Court of the state, and that generally the ancestor of this plaintiff had been a party to all the proceedings and actively participated either in person or by counsel, and thereby waived the objections now urged relative to service of notice, and was estopped from claiming that his ancestor or predecessor in title was not bound by the judgment rendered.

A careful reading of the record shows that there was ample and in fact a great preponderance of evidence to sustain the facts found by the lower court; and that the notice of the appeal to the circuit court from the decision of the joint boards denying the petition for the drainage was given as required by statute, and generally the various steps prescribed by the laws of the state to be followed in establishing drainage were taken; and, further, that plaintiff's ancestor was a participant therein at all times, and thereby waived the objections now urged relating to service.

[1] The highest court of the state sustained the proceedings and the constitutionality of the statute in question, and especially the sections thereof granting appeals to the circuit court from any final order or determination of the county commissioners establishing or denying the proposed drainage. In re Yankton-Clay County Ditch, 30 S. D. 79, 137 N. W. 608. See, also, In re McRae, 93 Minn. 16, 100 N. W. 384, construing a similar statute. The same court has also held that a party to such an action having knowledge of all the proceedings for its construction and the progress thereon will not be heard to object at any stage to the sufficiency of the description, and that a party not prejudiced by uncertainty of description of the proposed route, or who has full notice of all the proceedings in the establishment of the district, will not be heard to question on the sufficiency of the petition

288 F.—47

in that respect. Smith v. Pence & Pier, 33 S. D. 516, 146 N. W. 709. It therefore follows that the only federal question presented is the claim that the plaintiff has been deprived of his property without due process of law in violation of the Fourteenth Amendment to the Constitution, in that no notice of the proceedings in the circuit court was given to appellant's ancestor as a matter of fact, and also because the statute (Laws S. D. 1907, c. 134, § 12, as amended by Laws 1909, c. 102, § 9) authorizing the appeal made no provision for actual or personal service of notice thereof to property owners opposed to the proposed drainage and affected thereby.

The statute (Laws S. D. 1907, c. 134, § 28) in question provides for notice, by publication and posting, of any action taken, such as, for instance, the hearing as to whether or not the proposed drainage should or should not be established; the fixing of damages; the ascertainment and assessment of benefits; and, further, that upon the determination of such matters by the board of joint commissioners of the two counties, appeals may be taken to a court, as was done in this case in many instances. It provides for ample notice and hearings before any final determinations are made.

This brings us to the real point of appellant's contention, which is that the statutory notice violated the federal Constitution, because it did not require personal service of notice of the appeal or various hearings upon the plaintiff and each and every landowner affected. This question has been before the federal courts many times, and they hold that the power of the state to authorize local improvements is plenary, and it may provide for the construction of canals for drainage and other purposes, and that the Legislature has the power to prescribe the way in which the means to meet the costs of such improvements may be raised, whether by general taxation or by assessments upon the lands specifically benefited. The courts in examining the statutory proceedings such as found here have refused to lay down any general rule as to what constitutes "due process of law," holding that the meaning should be determined in each particular case, provided that the forms of law established be just and equitable to all parties, considering each set of facts; that if the method be suitable in a specific case, and not arbitrary or oppressive, it is due process of law. Hagar v. Reclamation Dist. No. 108, 111 U. S. 701, 4 Sup. Ct. 663, 28 L. Ed. 569; Davidson v. New Orleans, 96 U. S. 97, 24 L. Ed. 616; Hurtado v. California, 110 U. S. 516, 536, 537, 4 Sup. Ct. 292, 28 L. Ed. 232. These authorities also hold there are a vast number of different kinds of taxes that may be imposed by the state or its political subdivisions, concerning part of which, from their nature, no notice can be given to the taxpayer; and that if the tax is not paid the delinquent may be forthwith deprived of his property. Further, where the tax, as in the instant case, is levied on specific property according to its value to be ascertained by officials appointed for that purpose, that if the law prescribes notice of a time and place and manner where complaints will be heard, no further notice is required, and the delinquent's property may be sold if the tax be not paid. In Glidden v. Harrington, 189 U. S. 255, 23 Sup. Ct. 574, 47 L. Ed. 798, the court in citing the

above authorities said that such proceedings should be construed with the utmost liberality (189 U. S. 258, 23 Sup. Ct. 575, 47 L. Ed. 798)—

"And while a notice may be required at some stage of the proceedings such notice need not be personal, but may be given by publication or by posting notices in public places. It can only be said that such notices shall be given as are suitable in a given case, and it is only where the proceedings are arbitrary, oppressive or unjust that they are declared to be not due process of law."

See, also, Ky. R. R. Tax Cases, 115 U. S. 321, 6 Sup. Ct. 57, 29 L. Ed. 414.

Again, in Lent v. Tillson, 140 U. S. 316, 11 Sup. Ct. 825, 35 L. Ed. 419, it was held that a statute providing for the widening of a certain street, and for notice by publication to all property owners interested, was appropriate and reasonable to the nature of the case, and was not repugnant to the "due process of law"; and (140 U. S. 331, 11 Sup. Ct. 825, 35 L. Ed. 419) that the federal court in examining the proceeding could not hold that the Fourteenth Amendment was violated by reason of errors in the mere administration of the statute.

[2] The court will also take cognizance of the fact that practically all the states of the Union provide for the construction of public improvements by statutes of a nature more or less similar to that in the instant case. They are in the nature of proceedings in rem establishing liens against the property benefited, and the general custom is not to require the kind of notice upon the owner affected as the law insists on when a personal judgment is sought.

We are therefore of the opinion that the statute in question gave the plaintiff full notice and opportunity to be heard at all stages of the proceedings, and that in fact the plaintiff did avail himself thereof to the full extent necessary to have his objections properly passed upon; and, further, that irrespective of whether he did so or not, the notice provided by the statute, and which as a fact was given, was within the authorities cited, and was such notice as was suitable, considering the nature of the proceedings involved, and was not so arbitrary, oppressive, or unjust as to be not due process of law.

The judgment of the lower court is affirmed.