**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Isaac BROWN, Jr., Defendant-Appellant.**

**No. 73–3201
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

May 2, 1974.
Rehearing Denied May 23, 1974.

---

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

G. Michael Agnew, Columbus, Ga. (Court-appointed), for defendant-appellant.

William J. Schloth, U. S. Atty., O. Hale Almond, Jr., Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.

Before COLEMAN, DYER and RONEY, Circuit Judges.

DYER, Circuit Judge:

Brown appeals from a judgment of conviction entered upon a jury verdict of guilty on two counts of an indictment in which he was charged with violations of 18 U.S.C.A. §§ 922(a)(6) and 924(a).[1] He complains of dispersal of the jury, prejudicial newspaper publicity and biased comments by the court during the trial. We affirm.

■■ After final argument of counsel the court permitted the jurors to go home and return the following morning to hear the court's charge, deliberate and return a verdict. Brown made no objection to this procedure, hence his challenge must now be rejected unless there is a showing of actual prejudice. Grant v. United States, 5 Cir. 1966, 368 F.2d 658. The only prejudice suggested by Brown is that there was some newspaper publicity about an earlier prosecution on the same charges that ended in a mistrial. The district court asked the prospective jurors on voir dire whether they had seen anything in the papers concerning the previous trial, and the sole prospective juror who had seen the published reports assured the court that he could serve as a fair and impartial juror.

No objection was made at any time concerning newspaper accounts of the previous trial, nor were any newspapers offered in evidence or proffered for the record.[2] Thus we have nothing before us in the appellate record to support Brown's argument, made here for the first time, that the newspapers may have carried articles which *may* have been seen by the jurors. There has been no showing, therefore, that the jurors were exposed to what Brown characterizes as a "charged environment." Even if we were disposed to go outside of the record, which we are not, we would be unwilling to equate "charged environment" with "actual prejudice." Absent "inherently prejudicial publicity which saturated the community," Sheppard v. Maxwell, 1966, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600, we have adopted the view that "where publicity prior to and during a trial is neither inherently prejudicial nor unusually extensive, the accused must assume the traditional burden and show actual jury prejudice." (footnotes omitted). Gordon v. United States, 5 Cir. 1971, 438 F.2d 858, 874, cert. denied, 404 U.S. 828, 92 S.Ct. 63, 30 L.Ed.2d 56. No objection of newspa-

---

1. Count 1 charged that when Brown purchased a firearm he made a false statement that he had not been convicted of a crime punishable by imprisonment for a term exceeding one year. Count 2 charged a second firearm purchase with the same false statement.

2. Brown has attached to his brief purported copies of the Columbus, Georgia Ledger of September 12 and 13, 1973, obviously printed after the trial, containing stories of his conviction, and articles purportedly from the same paper dated August 13 and September 8, 1973, concerning his mistrial.

per prejudice having been made at trial, "[w]e will not notice matters which were not presented to the district court except to prevent a miscarriage of justice. Petitioner cannot try one case below and another on appeal." Conklin v. Wainwright, 5 Cir. 1970, 424 F.2d 516, 517–518, cert. denied, 400 U.S. 965, 91 S.Ct. 376, 27 L.Ed. 385. *See also* United States v. Knox, 5 Cir. 1972, 458 F.2d 612, cert. denied, 409 U.S. 845, 93 S.Ct. 48, 34 L.Ed.2d 85; United States v. Hall, 5 Cir. 1971, 440 F.2d 1277; Overmyer v. Loflin, 5 Cir. 1971, 440 F.2d 1213, cert. denied, 404 U.S. 851, 92 S.Ct. 87, 30 L.Ed.2d 90.

■ Brown next asserts that the trial court made prejudicial comments during the trial. We have searched the record in vain for comments by the judge which would have given the jury the impression that the court was partisan or was expressing an opinion concerning the guilt or innocence of Brown. Brown continually attempted to inject irrelevant evidence concerning the reason he needed a gun. On occasion, Brown's counsel tried to ask leading questions of Brown, suggesting that the witness failed to understand the question when properly framed. The court sustained objections to this line of questioning, remarking that the witness was intelligent and need not be led.

There was no bias or prejudice in the evidentiary rulings made by the trial court. As we said in *Gordon, supra*:

> The trial judge's actions indicate a persistent, but nonpartisan effort to limit the evidence to that which was relevant to the issues created by the indictment and the pleas of the defense.

*Id.* 438 F.2d at 863.

We further pointed out that

> [w]hile a trial judge must be careful to avoid giving the jury an impression that he is partisan, he should take an active part when necessary to clarify testimony and assist the jury in understanding the evidence.

*Id.* at 864–865.

We are convinced that Brown received a fair and impartial trial with every safeguard to which he was entitled.

Affirmed.