NEWTON ET AL. *v.* ROPER ET AL.

[No. 18,249.    Filed June 8, 1898.]

TAXATION.—*Tax Sales.—Notice.—Private Sale.*—A notice to sell lands for taxes at public sale constitutes a sufficient notice to sell same at private sale under sections 247, 248, 249, of the tax law of 1872 (R. S. 1876, p. 127), and such provision is not in conflict with the federal

constitution in that it deprives the owner of his property "without due process of law."

From the Starke Circuit Court.   *Affirmed.*

*Albert I. Gould,* for appellants.

*Burson & Burson* and *Geo. W. Breeman,* for appellees.

HACKNEY, C. J.—The appellants, the heirs at law of Joab R. Newton, deceased, instituted this suit to quiet the title to eighty acres of land in Starke county, as against the appellees, who were alleged to be purchasers and to claim title under one Mary E. Kratli, whose only title depended upon a private sale to her by the auditor of said county for delinquent taxes, pursuant to sections 247, 248 and 249 of the tax law of 1872, 1 Davis' R. S. 1876, p. 127, and upon a decree quieting title in her name, against said Joab R. Newton; said sale and said decree being alleged to have been invalid.

The allegations of the complaint conceded notice of the offer of said lands at public sale for the payment of said taxes, but relied upon the absence of notice as to any offer of sale in private. The statute under which the sale was made did not require notice of any such private sale. But it was provided that delinquent lands offered at public sale, and not sold, should "be considered forfeited to the State, to be disposed of as" otherwise provided.   Section 235, Acts 1872, p. 115.   By section 247, *supra,* it was provided that "Any forfeited or unsold tax land may be purchased at private sale, upon application therefor to the proper county auditor, and upon paying to the county treasurer, on the certificate of the county auditor, the amount for which the same was or should have been first offered, with interest upon said amount at ten per cent. per annum, to be computed from the date at which said

land was or should have been so offered to the time of making such application and payment." Section 248, *supra,* provided that "Upon application and payment being made as above provided the auditor shall execute to such purchaser a certificate conveying the same interest in and to said lands as would be acquired by virtue of an original public sale, as herein provided." Section 249, *supra,* provided that "All provisions of laws relative to the execution of deeds for lands sold at public sale shall be applicable to lands sold at private sale pursuant to the provisions of this act: *Provided,* That no deed shall be made until after the expiration of two years from the time when such land was or should have been offered at public sale." The objection to the sale is, not that it was not according to the law as quoted, but that the law, in providing a sale without notice to the owner, was void, as in violation of the federal constitution in depriving the owner of his property "without due process of law."

While notice is essential to the due process of law, it is not essential to the validity of every step in a proceeding, judicial or *quasi* judicial, that special notice be given as each step is to be taken. The assessment and enforcement of taxes must be by methods necessarily summary, and without the detail of judicial tribunals. With reference to the assessment of property for taxation, it has been held that there is due process of law when the law has prescribed the time, the place, and the tribunal when, where, and by which assessments are to be made. *Cleveland, etc., R. W. Co.* v. *Backus,* 133 Ind. 513, and authorities there cited. The law under which the sale in question was made required and obtained a notice to the property owner that his taxes were delinquent, and that a sale would be made to meet the delinquency. It is true that

the notice required to be published was that a public
sale would be made, but the plainly written law fur-
ther provided that a failure to sell at the advertised
public sale should forfeit the property to the State,
when it would be subject to private sale. The notice of
the public offer constructively brought the property
owner to the sale, and charged him with notice of his
delinquency, of the failure to sell, of the forfeiture to
the State, and of the consequences attending upon
these facts, as such consequences were prescribed by
the written law. The notice, if not more than the con-
stitutional provision requires, was sufficient to advise
him that his delinquency was subject to the summary
remedies of the law.

While we do not regard the provision of forfeiture,
nor its validity, which is not denied, as essential to
the decision of the question before us, yet it may be
seriously doubted if that provision did not remove the
property so far from the reach of the delinquent as to
render notice to him unnecessary, and of no import-
ance, and to leave him with but a right of redemption.
Just why one, whose property has been forfeited to
the State for delinquency in taxes, and for failure to
observe notice of delinquency and pending forfeiture,
should be entitled to notice of the State's purpose to
dispose of it, we do not observe, and counsel has not
attempted to advise us. We conclude that the orig-
inal notice was due process of law; that the provisions
of the statute as to private sales were to be noticed
by the property owner, and were due process of law;
and that the forfeiture following the offer at public
sale rendered further notice to the owner unnecessary.

The contention that the legal proceeding by Mary
E. Kratli was void is upon the theory that a decree
pursuant to a published nonresident notice to adverse
parties, where such parties are residents of the State,

is void.   Since we hold the sale valid, the decree and
its validity are immaterial questions, and are not
passed upon.   The lower court did not err in sustain-
ing the demurrers to the complaint, and the judgment
is affirmed.