[L. A. No. 2606.    Department Two.—October 11, 1911.]

MERCHANTS' TRUST COMPANY, as Executor of the Last Will and Testament of Edwin R. Fox, Deceased, Respondent, v. W. S. WRIGHT et al., Appellants.

TAXATION—SALE BY STATE OF PROPERTY ACQUIRED FOR DELINQUENT TAXES—ENTRIRE PROPERTY TO BE SOLD—CONSTITUTIONAL LAW—NO RETURN OF EXCESS PRICE TO OWNER.—Section 3897 of the Political Code, requiring the tax-collector in making sales of property by the state which it has acquired for delinquent taxes, to sell the property at public auction to the "highest bidder," contemplates a sale of the entire property, to the one bidding the highest cash bid for all the property. So construed, the section is not unconstitutional, although the law makes no provision for the return to the owner of the property of any excess of the selling price above the accrued taxes, charges, and penalties.

ID.—DUE PROCESS OF LAW—DEPRIVATION OF PROPERTY WITHOUT.—Such a sale of the entire property, when a sale of a smaller portion thereof would be sufficient to enforce the lien of the state, is not unconstitutional, as being a deprivation of an owner of his property without due process of law.

ID.—NOTICE TO OWNER OF SALE—SUFFICIENCY OF NOTICE TO CONSTITUTE DUE PROCESS OF LAW.—It was within the power of the legislature to provide for the present system of taxation, under which the state acquires title to property of one who permits the taxes thereon to become delinquent, and to authorize a subsequent sale thereof. While a delinquent owner cannot be deprived of his property under such proceeding without due process of law, that requirement means only that due notice of sale shall be given him, and this is fully accorded him by sections 3764-3767 of the Political Code, which provide for a notice to him by publication of the sale to the state. This is all the notice he is constitutionally entitled to in that respect.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial.  N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Charles Lantz, and W. J. Wood, for Appellants.

Lucius M. Fall, and Webster Davis, for Respondent.

LORIGAN, J.—This is an action to quiet title asserted under tax-deeds from the state of California issued to plaintiff's intestate. The case was here before on appeal by the plaintiff from a judgment in favor of the defendant and was reversed. (*Fox* v. *Wright,* 152 Cal. 59, [91 Pac. 1005].) Upon a new trial judgment went for plaintiff and defendants appeal.

When this case was here before one of the points urged by the present appellants, then respondents, in support of the judgment in their favor was that section 3897 of the Political Code which provides that the tax-collector in making sales of property by the state which it had acquired for delinquent taxes "shall sell the property . . . at public auction to the highest bidder" was unconstitutional. His argument was that if section 3897 was to be construed as requiring a sale of the entire property of the delinquent owner to the purchaser who would pay the highest cash price for it, and not as under former statutes, to the person who would pay the tax for the least quantity of land, then, as the law made no provision for the payment to the former owner of the surplus money over the accrued taxes, charges, and penalties there was imposed on the delinquent owner an excessive burden for the support of the government in violation of the constitutional provision requiring taxation to be uniform and compelling a person to bear only his proportionate share thereof.

This contention was decided adversely to the then respondents, the court holding that "when the law speaks of a sale of the 'property,' it means all of the land, and when it says that the land shall be sold to the 'highest bidder' it means him who will make the highest cash bid for all the property," and that so construed the section is not unconstitutional although the law makes no provision for the return to the owner of the property of any excess of the selling price above the accrued taxes, charges, and penalties.

On this present appeal, where they are now the appellants, they make another attack upon this same section 3897, but on a different constitutional ground than urged by them as respondents on the former appeal, and it is the only point they make. Their claim now is that the sale of the entire tract of land when the sale of a smaller portion thereof would be sufficient to enforce the lien of the state, is unconstitutional as being a deprivation of a citizen of his property without "due process

of law." We do not, however, perceive any more force in this contention than there was in the other constitutional objection to the same section disposed of on the former appeal. In fact, the same reasons which are set forth at length in the opinion above referred to on the former appeal dispose as effectually of this constitutional objection as they did of the other.

That the legislature may provide for the present system of taxation under which the state acquires title to the property of one who permits the taxes thereon to become delinquent and may authorize a subsequent sale thereof is not open to question. While it is undoubtedly true that a delinquent owner cannot be deprived of his property under such proceedings without due process of law, this due process of law as far as tax proceedings are concerned means only that due notice of sale shall be given to the delinquent owner and this is fully accorded him by sections 3764-3767 of the Political Code, which provide for a notice to him by publication of the sale to the state. This is all the notice he is constitutionally entitled to and when this is provided for by law, as it is here, he has been accorded the full measure of his constitutional right in that respect. (*Bank of Lemoore* v. *Fulgham,* 151 Cal. 234, [90 Pac. 936]; *Fox* v. *Wright,* 152 Cal. 59, [91 Pac. 1005].)

As held in the latter case, when the delinquent owner has been accorded his constitutional right to due process of law by publication of the notice of sale to the state and the state thereunder acquires the property, it takes (save as to the rights given to the delinquent owner to redeem at any time before an actual sale by the state) an absolute title to it, and may dispose of such property in any manner it may choose. These matters as to the nature of the title vested in the state under sale to it for delinquent taxes and its power to dispose of such property are fully considered in the case referred to. While no particular discussion was there had of the precise point as to "due process of law" made now, it was declared that such process consists of the notice provided by law to be given to the delinquent taxpayer of the intended sale of his property to the state. As that notice is provided for and there is no pretense that appellants did not have it and no other attack is made on the validity of the tax proceedings or the

manner in which the property formerly owned by them was sold, this appeal presents nothing for further consideration.

The judgment and order appealed from are affirmed.

Henshaw, J., and Melvin, J., concurred.

Hearing in Bank denied.