CHARLES NAPIER *vs.* CITY OF SPRINGFIELD.

Hampden.     May 4, 1939. — October 25, 1939.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Tax,* Foreclosure of right to redeem, Sale of land of insufficient value. *Constitutional Law,* Equal protection of law, Due process of law.

Sections 79 and 80 of G. L. (Ter. Ed.) c. 60, as amended by St. 1933, c. 325, §§ 14, 15, and St. 1935, c. 173, §§ 1, 2, are constitutional.

PETITION, filed in the Land Court on May 4, 1938.

After hearing by *Fenton,* J., the petition was dismissed.

*J. R. Jennings,* for the petitioner.

*A. L. Mastroianni,* Assistant City Solicitor, for the respondent.

*H. Parkman, Jr., S. S. Dennis, & N. Moger,* by leave of court submitted a brief as *amici curiae.*

DOLAN, J. This is a petition (entitled "Bill to Redeem") under G. L. (Ter. Ed.) c. 60, § 76, as amended by St. 1935, c. 318, § 1, and St. 1936, c. 189, § 2, to redeem land from a tax sale. The case was heard by the judge on a statement of agreed facts, and comes before us on the appeal of the petitioner from the decision of the judge ordering that the petition be dismissed. The sole issue is whether the provisions of G. L. (Ter. Ed.) c. 60, §§ 79, 80, as amended by St. 1933, c. 325, §§ 14, 15, and St. 1935, c. 173, §§ 1, 2, are constitutional. Those sections as amended provide as follows: § 79: "After two years from the taking or purchase by a town of any lands for non-payment of taxes, the commissioner may, and on written application of its treasurer shall, inquire into the value of such lands. If the commissioner is of opinion that such lands are of insufficient value to meet the taxes, interest and charges, and all subsequent taxes and assessments thereon, together with the expenses of a foreclosure under section sixty-nine, he shall make affidavit of such finding, which shall be recorded in the registry of

deeds for the district where the town is situated. Upon the
recording thereof the treasurer may sell all the parcels in-
cluded therein, severally or together, at public auction to the
highest bidder, first giving notice of the time and place of
sale by posting a notice of the sale in some convenient and
public place in the town fourteen days at least before the
sale; provided, that the treasurer at such auction may re-
ject any bid which he deems inadequate. If the sale under
this section shall not be made within four years from said
taking or purchase, it shall be made by the treasurer for the
time being when he deems best, or at once upon service on
him of a written demand by any person interested therein.
The treasurer shall execute and deliver to the highest bidder
whose bid has not been rejected as inadequate a deed, with-
out covenant except that the sale has in all particulars been
conducted according to law. Title taken pursuant to a sale
under this section shall be absolute upon the recording of
the deed of the treasurer in the proper registry of deeds
within sixty days of its date"; § 80: "If no person bids at
such a sale or if no bid deemed adequate by the treasurer is
made thereat and if the sale has been adjourned one or more
times, the treasurer shall then and there make public decla-
ration of the fact, and if no bid or no bid deemed adequate
as aforesaid is then made he shall give public notice that he
purchases for the town by which the tax is assessed; or if
the person to whom the land is sold does not within ten days
pay to the treasurer the sum bid by him the sale shall be
void and the town shall be deemed to be the purchaser of
the land. If the town becomes the purchaser hereunder,
the treasurer shall execute to it a deed which shall set forth
the fact that no bid or no bid deemed adequate as aforesaid
was made at the sale or that the purchaser failed to pay the
amount bid, as the case may be. The title of the town to
land conveyed by deed of the treasurer under this section
shall be absolute upon the recording of said deed in the proper
registry of deeds within sixty days of its date."

The material facts are these: The petitioner, a resident
of the respondent city, owned certain land there, upon which
taxes were assessed in the year 1934. These taxes were not

paid when due and continued to be unpaid up to the time of filing the petition.  On September 16, 1935, the land was sold for nonpayment of taxes and was purchased by the respondent.  The tax collector's deed to the respondent was duly recorded.  On October 27, 1937, an affidavit of the commissioner of corporations and taxation, hereinafter referred to as the commissioner, made under the provisions of G. L. (Ter. Ed.) c. 60, § 79, as amended, was recorded in the Hampden County Registry of Deeds.  The affidavit is dated October 23, 1937, and sets forth in effect that, in the opinion of the commissioner, the premises in question were of insufficient value to meet the taxes, interest and charges thereon, and all subsequent taxes and assessments thereon, together with the expenses of foreclosure under G. L. (Ter. Ed.) c. 60, § 69, that they had a value of only $38, and that the respondent's treasurer was authorized to sell the premises at public auction under the provisions of § 79 as amended.  On November 26, 1937, the respondent's treasurer, acting in pursuance of the provisions of G. L. (Ter. Ed.) c. 60, §§ 79 and 80, as amended, and proceeding in every respect according to the same, sold the premises to the respondent.  On March 29, 1938, the petitioner made a tender of the amounts required under G. L. (Ter. Ed.) c. 60, § 62, as further amended by St. 1936, c. 392, § 2. (See now St. 1938, c. 415, § 5.)  This tender was refused, and the present petition was filed on May 4, 1938.  It is not controverted that in all of the steps taken by the respondent in connection with the proceedings in question all the statutory requirements were complied with.  The judge ruled that the provisions of §§ 79 and 80 were constitutional, and that the title of the respondent to the premises became absolute upon the recording of the deed to it of the treasurer.

The petitioner has argued that under the provisions of §§ 79 and 80 he has been deprived of his property without due process of law, and has been denied equal protection of the laws in violation of the provisions of the "Fourteenth Amendment to the Constitution of the United States and [of] Article 12 of the Declaration of Rights in the Constitution of Massachusetts."  His first contention is based

upon the fact that the statutes in question do not provide for direct notice of the intended sale thereunder. In support of his second contention he argues that under the provisions of said statutes equal protection of the laws is denied since they relate only to lands purchased by municipalities for nonpayment of taxes which, in the opinion of the commissioner, are of insufficient value to meet the taxes, interest and charges, and subsequent taxes and assessments thereon, together with the expenses of foreclosure under § 69, and not to all lands purchased by municipalities for nonpayment of taxes.

The importance of collecting taxes in order that governmental functions may be discharged is universally recognized. In the collection of taxes, the public interest requires that land be taken for nonpayment of taxes and sold under such circumstances that the necessary revenue may be obtained. Taxpayers, of course, have fundamental rights which may not be transgressed by the taxing powers, and the interest of the landowner requires that he be given notice and opportunity to be heard on the question of the validity of the tax sometime before the tax becomes conclusively fixed. Due process under the Federal or State Constitution requires that such notice and opportunity be accorded him. *Harrington* v. *Glidden,* 179 Mass. 486, 495; affirmed *sub nomine Glidden* v. *Harrington,* 189 U. S. 255. *Corcoran* v. *Aldermen of Cambridge,* 199 Mass. 5, 10. *Jackson Lumber Co.* v. *McCrimmon,* 164 Fed. 759, 764. *Gallup* v. *Schmidt,* 154 Ind. 196, 202; affirmed, 183 U. S. 300. It "is only necessary that the taxpayer shall be afforded an opportunity to interpose objections to the validity of the tax, that his land is not liable for taxes, or that the manner of assessing or collecting them is not conformable to the statute, at some stage of the tax proceeding, before he is irrevocably deprived of his property, and that such hearing shall be had before some board or tribunal competent to afford relief, in case of invalidity or injustice." *Ohlwine* v. *Bushnell,* 32 S. D. 426, 431. See also *Bartlett* v. *Wilson,* 59 Vt. 23. Statutes failing to provide for such hearing will not be upheld. *West Hartford* v. *Coleman,* 88 Conn. 78,

80. *Monticello Distilling Co.* v. *Mayor & City Council of Baltimore*, 90 Md. 416, 427, 428. *Heth* v. *Radford*, 96 Va. 272, 274. *Central of Georgia Railway* v. *Wright*, 207 U. S. 127. It has been held that due process does not require a notice and opportunity for hearing as to each step in the assessment and enforcement of taxes. *Newton* v. *Roper*, 150 Ind. 630, 632. *Maxwell* v. *Page*, 23 N. M. 356, 363, and cases cited. *Hagar* v. *Reclamation District No. 108*, 111 U. S. 701, 711. The petitioner concedes in his brief that there is no violation of due process in our statutes relating to the assessment of taxes on real property and to the sale of the land in the first instance for nonpayment thereof. The general trend of decisions indicates that once a valid assessment of taxes and a sale for nonpayment of the same have been made, the method of foreclosure of the right to redeem lies within the legislative discretion. *Merchants' Trust Co.* v. *Wright*, 161 Cal. 149, 151. *South San Joaquin Irrigation District* v. *Neumiller*, 2 Cal. (2d) 485, 489. *Maxwell* v. *Page*, 23 N. M. 356, 366. *Messer* v. *Lang*, 129 Fla. 546, 550. *Ohlwine* v. *Bushnell*, 32 S. D. 426, 431. Compare *Rogers* v. *Nichols*, 186 Mass. 440, 442. Accordingly statutes regulating such foreclosures that provide for little or no notice thereof have been held constitutional, and in some instances statutes that provided for automatic foreclosure or divestiture of title by mere lapse of time have also been held constitutional. *Merchants' Trust Co.* v. *Wright*, 161 Cal. 149, 151. *Messer* v. *Lang*, 129 Fla. 546, 552, 556. *Newton* v. *Roper*, 150 Ind. 630, 633. *Lyon* v. *Denton*, 262 Mich. 243, 247. *Mabie* v. *Fuller*, 255 N. Y. 194, 200, 201.

The provisions of the statutes here assailed operate only after an assessment and sale, as to both of which the owner is given ample opportunity to be heard. Before any inquiry into the value of the land by the commissioner two years must elapse from the taking or purchase of the land by the municipality for nonpayment of taxes. The affidavit of the commissioner must be filed in the registry of deeds for the county where the land lies, and, in addition, before a sale is made under the sections in question, a notice of the time and place of sale must be given by posting a notice

thereof "in some convenient and public place in the town fourteen days at least before the sale." While, as before pointed out, due process requires that notice and opportunity be given those concerned before the tax is conclusively fixed, yet in the process of foreclosing the right to redeem, if it be assumed that some form of notice is necessary, we are of opinion that actual notice, as distinguished from notice by posting as provided in the statutes in question, is not required. There is a distinction as to the character of notice required depending upon whether the foreclosure is by judicial or administrative process (see *King* v. *Mullins,* 171 U. S. 404, 432, 433; *In re Petition of Auditor General,* 275 Mich. 462, 470) and in the latter type of proceedings notice by publication has been held sufficient. *Longyear* v. *Toolan,* 209 U. S. 414, 417. *Merchants' Trust Co.* v. *Wright,* 161 Cal. 149, 151. Compare *Tyler* v. *Judges of the Court of Registration,* 175 Mass. 71, 76; *Legal Record Publishing Co.* v. *Auditor General,* 281 Mich. 578, 581. "The process of taxation does not require the same kind of notice as is required in a suit at law, or even in proceedings for taking private property under the power of eminent domain. It involves no violation of due process of law, when it is executed according to customary forms and established usages, or in subordination to the principles which underlie them," *Bell's Gap Railroad* v. *Pennsylvania,* 134 U. S. 232, 239; *Leigh* v. *Green,* 193 U. S. 79, 89, and a greater latitude must be allowed to the taxing authorities than is allowed to individuals seeking to collect claims. If it be assumed, without deciding, that the provisions of §§ 79, 80, would offend constitutional principles if some form of notice of the proposed sale was not required to be given, we are of opinion that the notice provided for in § 79 is sufficient, and that the statute is not in conflict with settled principles of due process. *Hagar* v. *Reclamation District No. 108,* 111 U. S. 701, 708.

The petitioner's remaining contention is that the methods of foreclosing the right of redemption differ according to whether the land taken or purchased by the municipality is or is not, in the opinion of the commissioner, sufficient to

pay charges, and hence do not give equal protection of the law to all whose property has been taken or purchased by the municipality for nonpayment of taxes. It does not appear that allegations directed to this contention are included in the petition, but assuming that it is properly before us we think it cannot be sustained. The statute does not take from those whose lands have been taken or purchased by the municipality for nonpayment of taxes the right afforded generally to redeem the same in accordance with the provisions of G. L. (Ter. Ed.) c. 60, but simply limits the time within which proceedings so to redeem may be brought in that class of cases where the value of the land is certified by the commissioner to be of insufficient value as set forth in § 79. Somewhat similar statutes classifying certain subjects for tax assessment purposes and particularly for purposes of foreclosure of the right to redeem have been held not to violate the principles of equal protection. *Tappan* v. *Merchants' National Bank*, 19 Wall. 490. *King* v. *Mullins*, 171 U. S. 404, 435, 436. *South San Joaquin Irrigation District* v. *Neumiller*, 2 Cal. (2d) 485, 490, 491. *Messer* v. *Lang*, 129 Fla. 546, 550, 554. "The constitutional rule as to uniformity does not apply to provisions relating to the collection and enforcement of the tax." 1 Cooley, Taxation (4th ed.) § 308. See also §§ 303–308 and cases cited. In *Tappan* v. *Merchants' National Bank*, 19 Wall. 490, at page 505, the court said: "The constitution does not require uniformity in the manner of collection. Uniformity in the assessment is all it demands. When assessed the tax may be collected in the manner the law shall provide; and this may be varied to suit the necessities of each case." See also *King* v. *Mullins*, 171 U. S. 404, 435.

We are of opinion that the classification of lands taken or purchased by a municipality for nonpayment of taxes as those which, in the opinion of the commissioner, are of insufficient value to pay the taxes and charges set forth in § 79, is reasonable, not arbitrary, and can be said to be based on a ground of difference having a fair and substantial relation to the object of the legislation, and that the statute treats alike all persons similarly circumstanced.

See *Carmichael* v. *Southern Coal & Coke Co.* 301 U. S. 495, 511. Such a classification does not offend the constitutional requirement of equal protection of the law. See *Howes Brothers Co.* v. *Unemployment Compensation Commission,* 296 Mass. 275, and cases cited.

*Order dismissing petition affirmed.*