[Civ. No. 2605. Fourth Appellate District.—March 4, 1941.]

J. W. GALBREATH et al., Appellants, v. W. E. DINGLEY, as Trustee, et al., Respondents.

Wagy & Hulsy for Appellants.

Clark Clement for Respondents.

KLETTE, J., *pro tem.*—This is an action by J. W. Galbreath and L. J. Wyseur, plaintiffs and appellants, to quiet title to certain real property. The complaint was in the usual form of a quiet title action. The answer and cross-complaint of defendants and respondents denied the allegations of the complaint, alleged that on March 11, 1938, the tax collector of Kern County sold an undivided one-half interest in the real property to each of the appellants, and executed and delivered to them two deeds conveying to each an undivided one-half interest to the real property; that the real property was never assessed nor sold to the state, in undivided interests; that they were the owners of the property; that they tendered and offered to pay appellants all sums paid by them, with interest; and prayed that title be quieted in them.

At the trial, May 26, 1939, appellants produced and placed in evidence a tax deed from the tax collector, bearing date, March 7, 1938, bearing acknowledgment the day before the trial, and delivered and recorded on the morning of the trial, which deed purported to convey all of said real property to J. W. Galbreath, one of the appellants. It was stipulated in open court that the property in question had not been assessed,

or sold to the state, in undivided interests, and that the notice advertising the property for sale described it as a whole; that the two deeds issued to appellants, conveyed an undivided one-half interest to each. The tax collector testified that he made the sale on March 7, 1938, to J. W. Galbreath, for $375; that L. J. Wyseur did not bid on the property; that he made two deeds conveying a half interest to each of the appellants; that on the advice of the district attorney he executed the third deed to Galbreath conveying the entire property to him; that neither of the appellants had reconveyed to him any interest received by them under the first two deeds. The book of the tax collector, in which he kept the official record of lands sold to the state, and then resold to individuals, was produced in court, and recited that an undivided one-half interest had been sold to each of the appellants.

The trial court found in favor of respondents and rendered judgment quieting title in them, and requiring that they repay appellants the $375 paid out by them, with interest. From this judgment plaintiffs and appellants have appealed.

The rule is firmly established that the proceedings on tax sales are *in invitum,* and that every essential step leading to the execution of a tax deed must be strictly followed or the deed executed pursuant thereto, will be void. (*Numitor Gold Min. Co.* v. *Katzer,* 83 Cal. App. 161 [256 Pac. 464]; *Russell* v. *Mann,* 22 Cal. 131; *Holland* v. *Hotchkiss,* 162 Cal. 366 [123 Pac. 258, L. R. A. 1915C, 492]; *Dougery* v. *Bettencourt,* 214 Cal. 455 [6 Pac. (2d) 499].)

In section 3771a, Political Code, which relates to tax sales made in June of each year, under the *addenda* to the delinquent tax list, it is provided as follows:

''On the day and hour fixed for the sale in accordance with subdivision two of section three thousand seven hundred sixty-four of this code, all property which has not been redeemed from the sale to the state or the sale thereon canceled, shall be sold by the tax collector at public auction to the highest bidder for cash in lawful money of the United States; but no bid shall be accepted at such sale for a sum less than the amount of all taxes, penalties and costs due as shown in the advertised list; . . . ''.

The notice of sale provided for in section 3764, Political Code, above referred to, provides that the tax collector will:

''Sell or offer for sale at public auction to the highest bidder, for cash, in lawful money of the United States, the

several parcels and lots of property hereinafter described upon which date five years will have elapsed from the date of the sale of said property to the state. No bid for said property will be accepted for less than the amount of all taxes, penalties and costs due on said property for the year the same was sold to the state . . . ''.

Section 3897, Political Code, which relates to tax sales under authorization of the board of supervisors and the state comptroller, of property deeded to the state for non-payment of tax, provides that the tax collector shall ''sell at private sale or public auction to the highest bidder for cash in lawful money of the United States, or by contract of sale'', etc. It is silent as to the manner of conducting the sale, as provided in sections 3764 and 3771a, Political Code, above referred to. We believe, therefore, that these several sections of the Political Code must be read and considered together, and that the sale made under section 3897, Political Code, must be made in accordance with the provisions of sections 3764 and 3771a of the Political Code. Or to state it more directly: ''No bid for said property will be accepted for less than the amount of all taxes, penalties and costs due on said property for the year the same was sold to the state'', ''as shown in the advertised list''. Since no bid could be received for ''less than the amount of all taxes, penalties and costs due'', it naturally follows that no bid could be received for one-half of the amount, and a second bid for the other one-half thereof.

In an early California case (*Roberts* v. *Chan Tin Pen,* 23 Cal. 259), it was held that when the assessment is not of an undivided interest, but of an entire tract or parcel of land, the tax collector has no power or authority to sell an undivided interest therein for the non-payment of tax. While a number of cases from other jurisdictions have been called to our attention, which hold that where land has been assessed as an entirety it cannot be sold in undivided interests, our attention has not been called to any California case so holding. We do find cases, however, which in passing upon sections 3764 and 3897, *supra,* said: ''When the law speaks of the sale of 'the property' it means all of the land, and when it says that the land shall be sold to the 'highest bidder' it means him who will make the highest cash bid for all the property.'' (*Fox* v. *Wright,* 152 Cal. 59 [91 Pac. 1005].) (See, also, *Merchants' Trust Co.* v. *Wright,* 161 Cal. 149 [118 Pac. 517].)

■ Since the land in question was assessed as a whole, and the two deeds issued to appellants on March 11, 1938, recite the sale thereof in undivided one-half interests to each, said deeds were void, and appellants acquired no title thereunder.

■ We come now to a consideration of the deed which was issued by the tax collector on May 25, 1939, and delivered on the day of the trial to J. W. Galbreath, one of the appellants. We are at once confronted with the inconsistency in the evidence of the tax collector. His oral testimony was that he sold the property to J. W. Galbreath for $375. The record book of his office, which he was required by law to keep, showed that an undivided one-half of the property was sold to J. W. Galbreath, and an undivided one-half to L. J. Wyseur.

If he sold the property to Galbreath, then this deed might be good to convey title to him, unless there were other valid legal objections thereto. If he sold an undivided one-half to each of the parties, then the deed of the entire property to Galbreath would be void. Which shall prevail, the written records of the office, or the oral testimony of the tax collector?

Entries in public or other official books or records, made in the performance of his duty by a public officer of this state, or by another person in the performance of a duty specially enjoined by law, are *prima facie* evidence of the facts stated therein. (Secs. 1920, 1926, Code Civ. Proc.) The entries in the books of the tax collector that the property was sold by him in undivided interests to two persons, is *prima facie* evidence that the sale was made in that manner. Was this overcome by the testimony of the tax collector that he sold to Galbreath alone? We think not. At best it raised a conflict in the evidence, which the trial court resolved in favor of respondents. There being a conflict in the evidence, we cannot disturb the finding of the court that appellants had no interest in the property.

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing was denied April 1, 1941, and appellants' petition for a hearing by the Supreme Court was denied May 1, 1941.