This appeal brings for review the decree of the Circuit Court of St. Clair County granting Champion International Corporation's motion for partial summary judgment on the issue whether Everett L. Almon acquired any title to the land in question by reason of a prior tax sale. In passing on the propriety of that decree, we consider all the facts in a light most favorable to appellant. Loveless v. Graddick, 295 Ala. 142, 325 So.2d 137 (1975).
The facts surrounding this litigation involve certain undeveloped timberland situated in St. Clair County. The property was owned on September 13, 1947, by Mr. and Mrs. J.L. Truss. On that date, through power of attorney given M.O. Liles, they conveyed the property to another grantee through whom Champion derives its title. On October 1, 1947, seven days before that deed of conveyance was recorded, the State assessed ad valorem taxes against the property in the name of J.L. Truss. The Trusses, no longer claiming an interest in the property, failed to pay the taxes and, as a result, on May 24, 1949, the land was sold for delinquent taxes and bought in by the State.
Almon purchased this property from the State Land Commissioner on February 20, 1974, for the sum of $401.00. Three months after that purchase, Champion filed this action in Circuit Court to have title to the property quieted in itself. The dispositive issue here presented is whether the trial Judge erred in finding Almon's tax deed void as a matter of law. We affirm. *Page 17 
The State's power to recover delinquent taxes through a sale of the taxpayer's property is derived solely through statute. The purpose of such a procedure is only to provide a means by which the State can receive its due. The methods it employs are intended primarily to coerce the unwilling (or inadvertent) taxpayer to pay his taxes, not to strip him of his property. 85 C.J.S. Taxation § 744. More often than not, however, where a sale is effected, it results in a substantial forfeiture of the taxpayer's property because the value of such property almost always exceeds the amount of taxes owed. Accordingly, the Court will be quick to protect the rights of the taxpayer. Napier v.City of Springfield, 304 Mass. 174, 23 N.E.2d 157 (1939).
Such predilections, however, must give way at some point to the rights of the purchaser at the tax sale or subsequent purchaser from the State. He stands as equally innocent, having been induced by the State to rely on the muniments of title which it has to sell. Often the irregularities which could ultimately defeat his title lay concealed in places no amount of caution could discover.
Out of respect for such rights, the legislature has provided a beacon light by which the purchaser at a tax sale can be assured he has found a "safe harbour." This it does through the special short statute of limitations which enables the purchaser, who enters into adverse possession for a period of three years, to acquire good title without regard to the deficiencies underlying the proceedings. Tit. 51, § 295, Code.
It appears from the record before us that Almon first acquired his tax deed on February 20, 1974. A few months later, Champion instituted this action and thereby foreclosed any possibility that Almon could perfect a good title under the three year statute. If Almon is to prevail, it must be on the strength of the title he acquired from his tax deed.
A tax deed is void and conveys no interest where the underlying sale was invalid. Landrum v. Davidson, 252 Ala. 125,39 So.2d 662 (1949). Where taxes are assessed to one who has no interest in the property, a subsequent sale of the property for nonpayment of taxes is void because, under these facts, as here, the true owner would receive no notice of the proceedings against his property. Tit. 51, § 252, Code; State v. Graham,273 Ala. 634, 143 So.2d 810 (1962); Singley v. Dempsey,252 Ala. 677, 42 So.2d 609 (1949); Lewis v. Burch, 215 Ala. 20,108 So. 854 (1926); and Singleton v. Doe, ex dem., Smith, 184 Ala. 199,63 So. 949 (1913). The sale through which Almon claims title by virtue of his tax deed is based on an assessment made to the Trusses after all right and title to the property has been conveyed to Champion's remote grantor. Notice of sale was given to the Trusses and not the Trusses' grantee who was the title holder at the time of the tax sale. Thus, the subsequent sale was invalid and conveyed no title.
In affirming the order below, granting partial summary judgment, we note that, although Almon will be precluded from proceeding on the possession issue, he is not precluded from reimbursement by Champion. Tit. 51, §§ 283, 295, Code; Hames v.Irwin, 253 Ala. 458, 45 So.2d 281 (1949).
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.