HOLMES, Judge.
This is an appeal from the granting of a motion for summary judgment.
The circuit court granted plaintiffs motion for summary judgment, resulting in plaintiff’s acquiring possession of certain real property. Defendants appeal and we reverse.
The record in pertinent part reveals the following:
Plaintiff entered into a lease-sale contract with Mary C. Tombrello for the property in question on December 19, 1970. Tombrello executed a deed to plaintiff on March 2,1981. This deed was not recorded until June 10, 1985.
On June 10, 1981, the property was sold by the State of Alabama for nonpayment of taxes. The property was purchased by the state.
*453 On February 8, 1985, defendants purchased the property from the state for $599. Defendants recorded their tax deed on April 12, 1985.
On appeal, defendants contend that the trial court erroneously granted plaintiffs motion for summary judgment. We agree and reverse.
It is well settled that summary judgment is appropriate only when the moving party has demonstrated by the pleadings, answers to interrogatories, depositions, and affidavits that there is no genuine issue of material fact and that the movant is entitled to the requested relief as a matter of law. Emerson v. Rock Wool Manufacturing Co., 484 So.2d 1107 (Ala.Civ.App.1986).
At the outset we note that plaintiff brought the instant action in ejectment, and we find nothing in the record to indicate that this theory of recovery was abandoned by plaintiff. It is well settled that a plaintiff in an ejectment action can only recover when he has legal title to the property, the possession of which is sought to be recovered. See MacMillan Bloedell, Inc. v. Ezell, 475 So.2d 493 (Ala.1985).
It is undisputed that the property in question was sold in June of 1981 for nonpayment of taxes. The property was purchased by the State of Alabama. Defendants later purchased this same property from the state in February of 1985 for $599.
Under the provisions of Ala.Code (1975), § 40-10-29, the tax deed executed and delivered to the defendants conveys all right, title, interest, and estate possessed by the person failing to pay the assessment on the real property.
Given the application of Ala.Code (1975), § 40-10-29, to the case at bar, we find that the trial court committed error in granting plaintiff’s motion for summary judgment. This conclusion is premised on our finding that the tax deed delivered to defendants vested in the defendants the legal title that plaintiff had originally held but lost due to nonpayment of taxes. Thus, plaintiff, without legal title, could not be successful in an action of ejectment.
Our opinion is a product of our review of the record alone. The record is our sole source of the proceedings below. We should not be understood as addressing any alternative remedies that the plaintiff might have available to him by means of redemption from a “tax sale.” See Ala. Code (1975), § 40-10-120. This court is precluded from addressing questions not evident from the record.
In view of the above, this case is due to be, and it is hereby, reversed and remanded.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.