SEE, Justice.
 

 Frank C. Galloway III, as guardian ad litem for Southside Community Development Corporation (“Southside”), appeals from a judgment in favor of Jeffrey White in an
 
 in rem
 
 action seeking to quiet title to a parcel of real property.
 

 Facts and Procedural History
 

 Southside is the owner of record of a certain parcel of real property in Birming
 
 *991
 
 ham (“the property”)- Diane Vandiver was the addressee who received tax notices for the property. The State took title to the property in 1997 after Southside failed to pay the annual tax assessment. White acquired title to the property from the State on February 23, 2007, by paying the tax lien and, on July 16, 2007, brought an
 
 in r&m
 
 action to quiet title in his name. White moved the trial court to appoint a guardian ad litem under § 6-6-562, Ala. Code 1975,
 
 [1]
 
 to protect the interests of Southside and Vandiver because he could not locate the parties. The trial court appointed Galloway. Galloway located Vandiver, who stated that she was associated with Southside and that she was designated to receive the property-tax bills. Vandiver disclaimed all interest in the property, and, accordingly, she had no interest for Galloway to represent at trial. Galloway also located Betty Bock, an officer of Southside, who testified at trial that Southside still existed as a legal entity but that it was no longer in the development business and currently had no assets to use to redeem the property. Southside moved for a judgment as a matter of law at the close of White’s case and renewed that motion at the end of its case, arguing that White had not adversely possessed the property for the requisite three years as provided in § 40-10-82, Ala.Code 1975.
 
 [2]
 
 The trial court, denied both motions. The trial court found that the three-year statutory period within which Southside could redeem the property under § 40-10-82 commenced when “the State took the property for back taxes” as opposed to when White obtained his tax deed to the property and entered a judgment quieting title in the property in White. Southside appeals.
 
 [3]
 

 Issue
 

 The issue presented by this case is whether the three-year statutory period of § 40-10-82 begins to run when the property is transferred to the State for failure to pay taxes, or, instead, begins to run when the tax purchaser becomes entitled to a deed.
 

 Standard of Review
 

 The trial court entered its judgment after hearing ore tenus testimony.
 

 “ ‘ “ ‘[WJhen a trial court hears ore tenus testimony, its findings on disputed facts are presumed correct and its judgment based on those findings will not be reversed unless the judgment is palpably erroneous or manifestly unjust.’ ” ’
 
 Water Works & Sanitary Sewer Bd. v. Parks,
 
 977 So.2d 440, 443 (Ala.2007) (quoting
 
 Fadalla v. Fadalla,
 
 929 So.2d 429, 433 (Ala.2005), quoting in turn
 
 Philpot v. State,
 
 843 So.2d 122, 125 (Ala.2002)). ‘“The presumption of correctness, however, is rebuttable and may be
 
 *992
 
 overcome where there is insufficient evidence presented to the trial court to sustain its judgment.” ’
 
 Wattman v. Rowell, 913
 
 So.2d 1083, 1086 (Ala.2005) (quoting
 
 Dennis v. Dobbs,
 
 474 So.2d 77, 79 (Ala.1985)). ‘Additionally, the ore tenus rule does not extend to cloak with a presumption of correctness a trial judge’s conclusions of law or the incorrect application of law to the facts.’
 
 Wattman v. Rowell,
 
 913 So.2d at 1086.”
 

 Retail Developers of Alabama, LLC v. East Gadsden Golf Club, Inc.,
 
 985 So.2d 924, 929 (Ala.2007).
 

 Analysis
 

 Section 40-10-82 provides that “[n]o action for the recovery of real estate sold for the payment of taxes shall lie unless the same is brought within three years from the date when the purchaser became entitled to demand a deed therefor .... ” Southside argues that the three-year adverse-possession period in § 40-10-82 did not begin to run until White acquired the tax deed from the State.
 

 “Section 40-10-82 has been construed as a ‘short’ statute of limitations
 
 (Williams v. Mobil Oil Exploration & Producing Southeast, Inc.,
 
 457 So.2d 962 (Ala.1984)), and does not begin to run until the purchaser of the property at a tax sale has become entitled to demand a deed to the land; and the tax purchaser is entitled to ‘quiet title’ relief only after being in exclusive, adverse possession for the statutory three-year period.
 
 Gulf Land Co. v. Buzzelli,
 
 501 So.2d 1211 (Ala.1987).”
 

 Reese v. Robinson,
 
 523 So.2d 398, 400 (Ala.1988).
 

 White argues that he should not have to adversely possess the property for three years after acquiring his tax deed in order to bring a quiet-title action because, in this case, the record owner was not in possession and because he acquired title from the State and not from the tax commissioner. However, neither the plain language of § 40-10-83, Ala. Code 1975, which confers a right of redemption, nor our application of the rule as set forth in
 
 Reese
 
 provides such an exception. Moreover, we have held that § 40-10-83 “applies to cases where the land is purchased from the State, as well as to instances where the purchase is made from the tax collector.”
 
 Gulf Land Co. v. Buzzelli,
 
 501 So.2d 1211, 1213 (Ala.1987) (citing
 
 Merchants Nat’l Bank of Mobile v. Lott, 255
 
 Ala. 133, 50 So.2d 406 (1951)). See also
 
 McGuire v. Rogers,
 
 794 So.2d 1131, 1136 (Ala.Civ.App.2000) (“[The] Supreme Court [of Alabama] has applied the rule in
 
 Gulf Land
 
 to require the purchasers of a tax deed to show that they have maintained continuous adverse possession of the tax-sale property for three years to defeat a right of redemption under 40-10-83 without regard to possession by the redemptioner.” (citing
 
 Reese,
 
 523 So.2d at 398)). In this case, the State issued White a tax deed on February 23, 2007, and White sued on July 16, 2007, well short of the three-year limitations period for redemption in § 40-10-82. We hold that White’s action to quiet title is premature because “the owner’s right of action is not extinguished until the tax purchaser has retained adverse possession for three years.”
 
 Karagan v. Bryant,
 
 516 So.2d 599, 601 (Ala.1987).
 

 White argues that
 
 Almon v. Champion International Corp.,
 
 349 So.2d 15 (Ala.1977), supports his argument that a tax-deed purchaser can bring a quiet-title action before the three-year statute of limitations in § 40-10-82 has run. In
 
 Almon,
 
 Champion had failed to pay taxes on a piece of its property because the tax notice had been sent to the previous owner. The State bought the property for taxes owed, and Almon purchased the property from
 
 *993
 
 the State land commissioner. Champion brought an action to have title quieted in itself, arguing that the tax deed was void. In holding that Almon’s tax deed was void, this Court stated:
 

 “[T]he legislature has provided a beacon light by which the purchaser at a tax sale can be assured he has found a ‘safe harbour.’ This it does through the special short statute of limitations which enables the purchaser, who enters into adverse possession for a period of three years, to acquire good title without regard to the deficiencies underlying the proceedings. Tit. 51, § 295, Code.
 

 “It appears from the record before us that Almon first acquired his tax deed on February 20, 1974. A few months later, Champion instituted this action and thereby foreclosed any possibility that Almon could perfect a good title under the three year statute. If Almon is to prevail, it must be on the strength of the title he acquired from his tax deed.”
 

 Almon,
 
 349 So.2d at 17. White argues that this implies that the holder of a valid tax deed need not wait until the expiration of the three-year limitations period before bringing a quiet-title action. However, although the above-quoted language indicates that the
 
 prior owner
 
 can bring an action to quiet title prior to the running of the § 40-10-82 three-year period, it does not stand, either expressly or by implication, for the proposition that
 
 a tax purchaser
 
 can bring an action to quiet title prior to the running of the three-year statutory period of § 40-10-82.
 
 Almon
 
 is, therefore, distinguishable, and White’s argument with regard to that case is without merit.
 
 [4]
 

 Conclusion
 

 Because the owner’s right of redemption has not yet been extinguished, title cannot be quieted in White based on his tax deed.
 
 [5]
 
 Therefore, we reverse the trial court’s judgment and remand the case to the trial court for proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 COBB, C.J., and LYONS, WOODALL, STUART, SMITH, BOLIN, PARKER, and MURDOCK, JJ., concur.
 

 [1]
 

 . Section 6-6-562 provides that "[o]n the filing of a complaint as authorized under Section 6-6-560, ... should the identity of some, or all, of said defendants be unknown, the court shall forthwith appoint a guardian ad litem to represent and defend the interest of such ... unknown parties in the proceeding.”
 

 [2]
 

 . Section 40-10-82 provides that "[n]o action for the recovery of real estate sold for the payment of taxes shall lie unless the same is brought within three years from the date when the purchaser became entitled to demand a deed therefor .... ”
 

 [3]
 

 .Three owners of adjoining properties sought to intervene in the case, alleging that they had an interest in the property through adverse possession and through a deed purportedly executed by Southside on the day of the trial. The trial court found that the deed was void and that the interveners had no valid interest in the property. These parties have not appealed the trial court's judgment; therefore, we do not express any opinion on the correctness of the trial court’s judgment as to this matter.
 

 [4]
 

 . White also argues that Southside is no longer entitled to be represented by the guardian ad litem because it is not now an unknown party as designated in § 6-6-562; however, a review of the record before the trial court reveals that White did not raise this issue in the court below; therefore, we will not address it on appeal.
 
 Andrews v. Merritt Oil Co.,
 
 612 So.2d 409, 410 (Ala.1992). We also note that neither party has challenged the propriety of the initial appointment of the guardian ad litem under § 6-6-562.
 

 [5]
 

 . Southside also argues that White has not shown that he adversely possessed the property. Because White's action to quiet title was premature, we do not address this argument.