MOORE, Judge.
On June 23, 2016, the Jefferson Circuit Court (“the trial court”) entered a judgment determining that All South Rental Homes, Inc., and Gary Alan Smith (hereinafter referred to collectively as “All South”) had a right to redeem certain real property located in Jefferson County (“the property”) that Bobby Ward had purchased from the State of Alabama, which had purchased the property at a tax sale. On that same date, All South paid Ward $4,206.07, the amount to redeem the property as established in the judgment. On July 14, 2016, Ward filed a notice of appeal to our supreme court; that court subsequently transferred the appeal to this court, pursuant to Ala. Code 1975, § 12-2-7(6). This court affirmed the judgment, see Ward v. All South Rental Homes, Inc., [Ms. 2150921, Jan. 27, 2017] — So. 3d -(Ala. Civ. App. 2017), but Ward has filed an application for rehearing, which is currently pending before this court.
On October 25, 2016, while the appeal was pending in Ward v. All South, All South moved the trial court to issue to All South a redemption deed to the property. On October 27, 2016, Ward filed a motion to stay execution of the June 23, 20Í6, judgment and requested the trial court to set the conditions for the stay. On November 7, 2016, the trial court entered an order providing, in pertinent part:
“The parties agree that on June 23, 2016, [All South] paid and [Ward] accepted, the sum of $4,206.07 which this Court ruled was the correct amount for [All South] to pay to redeem the real property at issue in this case. On July 14, 2016, [Ward] appealed the Court’s final rulings. As [All South] paid and [Ward] accepted the redemption amount before appeal - was taken, the Court holds that the status quo of this case is for [All South] to have possession of the subject property pending the resolution of [Ward’s] appeal. The Court further determines that an appropriate superse-deas bond to stay any and all further actions with respect to the subject property-including the issuance of a Clerk’s Redemption Deed—is Ten Thousand Dollars ($10,000.00). If [Ward] provides security in this amount to the Clerk of Court within the next fourteen (14) days (i.e., by Monday, November 21, 2016), all further actions with respect to the real property at issue, including the issuance of a Clerk’s Redemption Deed shall be STAYED pending resolution of [Ward’s] pending appeal. If [Ward] does not provide security in this amount by November, 21, 2016, a Clerk’s Redemption Deed may issue to [All South].”
(Capitalization in original.) Ward tendered a cashier’s check in the amount of $10,000 to the clerk of the trial court on November 16, 2016.
Subsequently, both parties filed motions regarding the effect of the posting of the security with the clerk of the trial court.On December 9, 2016, the trial court entered an order establishing that the judgment had been stayed when it entered the November 7, 2016, order regarding the posting of the security and reaffirming that All South would retain possession of the property pending appeal; On December 18, 2016, Ward filed a “motion to enforce supersedeas bond” with this' court, arguing that, upon the stay of the judgment, he was entitled to maintain possession of the property pending appeal. This court determined that the motion should be treated as a petition for a writ of mandamus and ordered the parties to file appropriate pleadings and briefs. In his mandamus petition, Ward reiterates the *254 argument raised in his “motion to enforce supersedeas bond.”
We begin our analysis by noting that Ward did not, in fact, file a supersede-as bond, which is described in Rulp 8(a), Ala, R, App. P., as a
“bond with good and sufficient sureties, approved by the clerk of the trial court, payable to the appellee (or to the clerk or register if the trial court so directs), with condition, failing the appeal, to satisfy such judgment as- the appellate court may render.”
Ward submits, and All South does not dispute, that Ward could not locate an insurer who would issue a supersedeas bond for the amount of $10,000, so he requested that the trial court allow him to tender a cashier’s check in that amount to the trial-court clerk as security in lieu of executing a supersedeas bond, and the trial court granted that request. See Ex parte Turner, 840 So.2d 132, 134-35- (Ala. 2002) (holding that respondent’s “failure to respond to the allegations in [the] petition for a.writ of mandamus compels this Court to consider the averments of fact in [the] petition as true”). Despite these unusual circumstances, the parties and the trial court proceeded under the theory that Ward, had executed a supersedeas bond, so we will do. the same. See Chamblee v. Duncan, 188 So.3d 6.82, 688 (Ala. Civ. App. 2015). (holding that appellate court would review case on .legal, theory selected by parties in trial-court proceedings, even if that theory was erroneous).
A stay of a judgment becomes effective “when the supersedeas bond is approved by the court.” Rule 62(d), Ala. R. Civ. P. The parties agree that the trial court approved the. supersedeas bond on November-7, 2016, at which point the judgment was stayed. “The stay granted upon the posting of a supersedeas bond acts in favor of the appellant and deprives the appellee -of the immediate benefits of his judgment.” Baker v. Bennett, 660 So.2d 980, 982 (Ala. 1995). Assuming, without deciding, that the judgment authorized All South to take possession of the property,[1] the stay immediately deprived‘All South of that benefit of the judgment. The stay effectively returned the parties to the status quo existing before the entry of the judgment in which Ward, not All South, enjoyed the right of possession of the property.
We conclude that the trial court erred in determining that the stay of the judgment allowed All South to possess the property pending appeal. Accordingly, we grant Ward’s petition and issue a writ of mandamus directing the trial court to vacate any orders inconsistent with this opinion and to enter an order allowing Ward to maintain possession of the property pending appeal. See generally Ex parte Lyon Fin. Servs., Inc., 775 So.2d 181, 184 (Ala. 2000) (holding that mandamus can be used to correct an unauthorized stay issued by trial court).
*255 PETITION GRANTED; WRIT ISSUED.
Thompson, P. J., and Pittman, Thomas, and Donaldson, JJ., concur.

. Section 40-10-83, Ala, Code 1975, provides, in pertinent part:
“Upon [the] determination [of the redemption amount] the court shall enter judgment for the amount so ascertained in favor of the plaintiff against the defendant, and the judgment shall be a lien on the land sued for. Upon the payment into court of the amount of the judgment and costs, the court shall enter judgment for the defendant for the land, and all title and interest in the land shall by such judgment be divested out of the owner of the tax deed.”
In this.case, the trial court entered a judgment for the amount due to redeem the property, but the trial court did not enter a separate judgment in favor of All South for the land as required by § 40-10-83. The parties and the trial court nevertheless have proceeded under the theory, that the judgment did give All South the right to possession of the property. See Chamblee, supra.,