MOORE, Judge.
This court's opinion issued on January 27, 2017, is withdrawn, and the following is substituted therefor.
Bobby Ward appeals from a judgment entered by the Jefferson Circuit Court ("the trial court") permitting All South Rental Homes, Inc., and Gary Alan Smith (hereinafter referred to collectively as "All South") to redeem certain real property located in Jefferson County ("the property")
*587 after the property had been sold for unpaid taxes. We affirm the trial court's judgment.
Procedural History
On December 7, 2015, All South filed a complaint seeking permission to redeem the property, which had been purchased by Ward from the State of Alabama, which had purchased the property at a tax sale. Ward answered the complaint on December 16, 2015. On December 17, 2015, Ward filed a motion for a summary judgment. All South responded to the summary-judgment motion on January 13, 2016. Ward filed a reply to All South's response on January 16, 2016.
On January 29, 2016, the trial court entered a judgment granting Ward's summary-judgment motion, concluding that All South did not have a right to redeem the property. On February 28, 2016, All South filed a postjudgment motion. The trial court entered an order setting aside its summary judgment on May 23, 2016, and setting a hearing to determine the amount required for All South to redeem the property. After a hearing, the trial court entered a judgment on June 23, 2016, providing that All South could redeem the property by paying Ward $4,206.07.
On June 23, 2016, Ward filed his notice of appeal to the Alabama Supreme Court; that court subsequently transferred the appeal to this court, pursuant to Ala. Code 1975, § 12-2-7(6).[1]
Facts
The undisputed facts indicate that, after All South failed to pay the ad valorem taxes due on the property, the State of Alabama offered the property for sale on *588 May 22, 2012. After no bids were offered, the property was purchased by the State. On August 7, 2015, the State sold the property to Ward. Ward received an ad valorem tax deed; that deed was recorded on August 24, 2015. On August 28, 2015, Ward entered into a three-year lease agreement regarding the property with Brooke Holloway, and, at the time of the entry of the trial court's judgment, Holloway had been in possession of the property since that date.
Discussion
I. Finality
"Although neither party has questioned the finality of the trial court's judgment in this case, jurisdictional matters, such as the question whether an appeal is supported by a final judgment, are of such importance that this court takes notice of them ex mero motu." Eubanks v. McCollum, 828 So.2d 935, 937 (Ala. Civ. App. 2002). We requested the parties to submit letter briefs concerning the finality of the judgment in light of the specific requirements set forth in § 40-10-83, Ala. Code 1975, which provides, in pertinent part:
"Upon [a] determination [regarding the amount owed to a tax-sale purchaser] the court shall enter judgment for the amount so ascertained in favor of the [tax-sale purchaser] against the [redemptioner], and the judgment shall be a lien on the land sued for. Upon the payment into court of the amount of the judgment and costs, the court shall enter judgment for the [redemptioner] for the land, and all title and interest in the land shall by such judgment be divested out of the owner of the tax deed."
The June 23, 2016, judgment ascertained the amount necessary for All South to redeem the property; however, the trial court did not enter a judgment awarding All South possession of the property upon its payment of the redemption amount and costs.
" ' "A judgment that conclusively determines all of the issues before the court and ascertains and declares the rights of the parties involved is a final judgment." ' [Pratt Capital, Inc. v.] Boyett, 840 So.2d [138,] 144 [ (Ala. 2002) ] (quoting Nichols v. Ingram Plumbing, 710 So.2d 454, 455 (Ala. Civ. App. 1998) ). 'A judgment that declares the rights of the parties and settles the equities is final even though the trial court envisions further proceedings to effectuate the judgment.' Wyers v. Keenon, 762 So.2d 353, 355 (Ala. 1999). Otherwise stated, a judgment that is 'definitive of the cause in the court below, leaving nothing further to be done, save [its enforcement],' is a final judgment. Ex parte Gilmer, 64 Ala. 234, 235 (1879)."
Faith Props., LLC v. First Commercial Bank, 988 So.2d 485, 490-91 (Ala. 2008).
In the present case, the June 23, 2016, judgment determined that All South was entitled to redeem the property and ascertained the redemption amount; however, that judgment did not divest Ward of title to the property or award All South the property, the last step established in § 40-10-83. Nevertheless, the June 23, 2016, judgment settled the justiciable controversies between the parties as to whether All South could redeem the property and for what amount, which concluded the matters litigated by the parties. The judgment is final for appellate purposes, even though the trial court did not complete what, under these circumstances, would essentially be an executory duty to enter a judgment for All South for the land upon payment of the redemption amount. See Scheve v. McPherson, 44 Md.App. 398, 404 n.1, 408 A.2d 1071, 1075 n.1 (1979) (considering judgment in redemption action to be final *589 upon determination that plaintiff could redeem property even though no title to land passed). Although further proceedings would have to take place for the trial court to comply with the last step in § 40-10-83, those proceedings would be only for the purpose of enforcing the June 23, 2016, judgment. "A judgment that declares the rights of the parties and settles the equities is final even though the trial court envisions further proceedings to effectuate the judgment." Wyers v. Keenon, 762 So.2d 353, 355 (Ala. 1999). Therefore, we conclude that the judgment was sufficiently final to support this appeal.
II. Merits of the Appeal
On appeal, Ward first argues that All South was not entitled to redeem the property pursuant to §§ 40-10-82 and 40-10-83, Ala. Code 1975, because, he says, All South was not in possession of the property at the time of redemption.
Section 40-10-82 provides:
"No action for the recovery of real estate sold for the payment of taxes shall lie unless the same is brought within three years from the date when the purchaser became entitled to demand a deed therefor; but if the owner of such real estate was, at the time of such sale, under the age of 19 years or insane, he or she, his or her heirs, or legal representatives shall be allowed one year after such disability is removed to bring an action for the recovery thereof; but this section shall not apply to any action brought by the state, to cases in which the owner of the real estate sold had paid the taxes, for the payment of which such real estate was sold prior to such sale, or to cases in which the real estate sold was not, at the time of the assessment or of the sale, subject to taxation. There shall be no time limit for recovery of real estate by an owner of land who has retained possession. If the owner of land seeking to redeem has retained possession, character of possession need not be actual and peaceful, but may be constructive and scrambling and, where there is no real occupancy of land, constructive possession follows title of the original owner and may only be cut off by adverse possession of the tax purchaser for three years after the purchaser is entitled to possession."
" 'Section 40-10-82[, Ala. Code 1975,] has been construed as a 'short' statute of limitations ( Williams v. Mobil Oil Exploration & Producing Southeast, Inc., 457 So.2d 962 (Ala. 1984) ), and does not begin to run until the purchaser of the property at a tax sale has become entitled to demand a deed to the land .... Gulf Land Co. v. Buzzelli, 501 So.2d 1211 (Ala. 1987).' " Southside Cmty. Dev. Corp. v. White, 10 So.3d 990, 992 (Ala. 2008) (quoting Reese v. Robinson, 523 So.2d 398, 400 (Ala. 1988) ); see also McGuire v. Rogers, 794 So.2d 1131, 1136 (Ala. Civ. App. 2000). In Southside, under similar circumstances, our supreme court determined that "the three-year statutory period of § 40-10-82... begins to run when the tax purchaser becomes entitled to a deed," not "when the property is transferred to the State for failure to pay taxes." 10 So.3d at 991. Moreover, this "short" statute of limitations does not depend on whether the proposed redemptioner has retained possession of the property. Southside, 10 So.3d at 992 ; McGuire, 794 So.2d at 1136.
In this case, Ward became entitled to a deed to the property on the date that he purchased the property from the State. See, e.g., O'Connor v. Rabren, 373 So.2d 302, 307 (Ala. 1979) ("After the expiration of three years from the date of sale, a purchaser other than the state is entitled to a deed ( [Ala.] Code 1975, § 40-10-29 ), and land bid in for the state may be sold and the purchaser given a deed. [Ala.]
*590 Code 1975, §§ 40-10-132, -135."). Because All South sought to redeem the property within three years of the time Ward became entitled to a deed, we cannot conclude that the trial court erred in allowing All South to redeem the property. Southside, 10 So.3d at 992 ; McGuire, 794 So.2d at 1136.
Ward also argues that All South cannot eject him from the property because he has a deed to the property. He cites Thomas v. Benefield, 494 So.2d 452 (Ala. Civ. App. 1986), in support of his argument. In Thomas, this court held that because the plaintiffs in that case did not have legal title to the property, their ejectment action could not be successful against the tax-sale purchaser. Thomas, 494 So.2d at 452-53. We note, however, that this court specifically stated that the issue of redemption had not been raised in the record and that this court, therefore, would not address that remedy. Thomas, 494 So.2d at 453.
In the present case, however, All South did not seek to eject Ward or his tenant from the property; instead, it sought to exercise its right to redeem the property. Therefore, we conclude that Ward's argument on this point is misplaced.
Conclusion
Based on the foregoing, we affirm the trial court's judgment.
APPLICATION GRANTED; OPINION OF JANUARY 27, 2017, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
Thompson, P.J., and Pittman, Thomas, and Donaldson, JJ., concur.

Ward filed a petition for a writ of mandamus concerning proceedings to stay the January 23, 2016, judgment, see Exparte Ward, 235 So. 3d 252 (Ala. Civ. App. 2017), which made this court aware that All South had tendered to Ward the redemption amount set by the trial court and that Ward had accepted that amount.
"The general rule in Alabama is that an appellant who had received proceeds under a judgment or decree which is challenged by appeal must make restitution of the proceeds as a condition precedent to the continuation of his appeal or suffer dismissal....
"This general rule, however, is not without exception, and the application of the exception works to the benefit of the appellant, not the appellee. The exception allows the appellant to maintain his appeal without refunding the proceeds received under the decree from which he appealed. This exception applies in cases where the appellee would suffer no injury as a result of allowing the appeal while the appellant retains the proceeds....
" '....'
"This non-injury oriented exception has been expanded to cover cases wherein the appellant could not, on retrial, recover less than the amount of the appealed decree. Elmore v. Cunninghame, 208 Ala. 15, 93 So. 814 (1922) ; Grief Bros. Cooperage Corp. v. Stacey, 257 Ala. 196, 58 So.2d 122 (1952) ; McCalley v. Otey, 103 Ala. 469, 15 So. 945 (1893) ; McCreeliss' v. Hinkle, 17 Ala. 459 (1850) ; Phillips v. Towles, 73 Ala. 406 (1882)."
Alco Land & Timber Co. v. Baer, 289 Ala. 567, 570, 269 So.2d 99, 101-02 (1972).
In Alco, our supreme court determined that, because the reversal of the judgment permitting redemption in that case would result in the restitution of the redemption amount, no injury would result in allowing the appellant to receive that amount pending the appeal. Therefore, the court determined that the appellant had not waived his right to appeal by accepting the redemption amount. 289 Ala. at 571, 269 So.2d at 102-03.
Similarly, in the present case, if the June 23, 2016, judgment permitting redemption were to be overturned on appeal, Ward would be required to return the redemption amount to All South. Therefore, we perceive no resulting injury in allowing Ward to retain that amount while pursuing his appeal and, thus, conclude that Ward did not waive his right to appeal by accepting the redemption amount.